**Burton Michael RABINOWITZ and Barbara Rabinowitz**

v.

**Michael OATES, Anthony Morris and Digital Equipment Corporation.**

**Civil Action No. CCB–94–2898.**

United States District Court, D. Maryland.

Sept. 30, 1996.

Edward J. Birrane, Jr., Cynthia L. Dietz, Towson, MD, for Plaintiffs.

Frank C. Morris, Jr., Andrea R. Calem, Epstein, Becker & Green, PC, Washington, DC, for Defendants.

## MEMORANDUM OPINION

BLAKE, District Judge.

Plaintiff Burton Michael Rabinowitz has sued his employer, Digital Equipment Corporation ("Digital"), for defamation, and two of his supervisors, Michael Cates and Anthony Morris, for defamation and conspiracy. Plaintiff Barbara Rabinowitz has sued defendants for loss of consortium as a result of the defamation of her husband, Mr. Rabinowitz. Defendants dispute the claims and have filed a motion for summary judgment, which has been fully briefed. For the reasons that follow, the motion will be granted.

## BACKGROUND

Mr. Rabinowitz, Mr. Oates, and Mr. Morris were employed by Digital. At all times relevant to this case, Digital was preparing a proposal for the United States Navy ("TAC–4"). The TAC–4 proposal was one of the largest projects ever undertaken by Digital and was worth in excess of 700 million dollars. Work on the proposal involved meeting and coordinating with representatives from other companies involved on the project. Mr. Rabinowitz began work on TAC–4 immediately following his successful completion of in-house management training in the Pipeline Program.

Some time around the spring or summer of 1993 Digital underwent a company-wide reorganization. Mr. Rabinowitz claims that at that time Mr. Oates began an effort to unseat Mr. Rabinowitz as the program manager of TAC–4 in order to secure his own job working on the proposal. According to Mr. Rabinowitz, Mr. Oates' efforts included conspiring with his immediate supervisor, Mr. Morris, and making defamatory statements and gestures to various people at different times.

Plaintiff points to several allegedly defamatory statements made by Mr. Oates as part of his effort. First, during a meeting on November 4, 1993, Mr. Oates claimed that plaintiff's work represented a "price deal" not a "best value" proposal. Second, at a meeting with persons working on TAC–4, Mr. Oates said that the current plan produced by Mr. Rabinowitz was poor and would need to be rewritten. Mr. Oates then allegedly made a gesture as if to throw out the plan. Third, in response to a question posed by David Ellis, a Digital employee, regarding the leadership of the TAC–4 project Mr. Oates explained that he was asserting more control over the project because plaintiff was a rookie and not seasoned enough to handle a program of that magnitude. Fourth, Mr. Oates later reiterated the rookie comment to Mr. Ellis in response to a follow-up question regarding who was going to be the program manager of TAC–4. In the conversation that followed the second "rookie" comment, Mr. Ellis inquired why Mr. Oates felt he needed to be more involved. In response, Mr. Oates explained that Mr. Rabinowitz's work was

not "up to snuff" and that it was "junk." Fifth, Mr. Oates made so unspecified comments to Jay Benson regarding plaintiff's lack of experience and inability to meet requirements of the proposal.

## ANALYSIS

■ In this diversity jurisdiction case, Maryland law applies. *Macy v. Trans World Airlines*, 381 F.Supp. 142, 145–46 (D.Md. 1974). The elements of defamation in Maryland include:

(a) a false and defamatory statement concerning another;

(b) an unprivileged publication to a third party;

(c) fault amounting to at least negligence on the part of the publisher; and

(d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*De Leon v. St. Joseph Hospital, Inc.*, 871 F.2d 1229, 1236 (4th Cir.), *cert denied*, 493 U.S. 825, 110 S.Ct. 87, 107 L.Ed.2d 52 (1989). Maryland courts recognize a common law qualified privilege where an individual "publishes a statement in good faith in furtherance of... interests shared with others...." *Mareck v. Johns Hopkins University*, 60 Md. App. 217, 224, 482 A.2d 17, 21 (1984), *cert. denied*, 302 Md. 288, 487 A.2d 292 (1985) (citing case examples). The qualified privilege is available in the context of an employer-employee relationship, *Happy 40, Inc. v. Miller*, 63 Md.App. 24, 31, 491 A.2d 1210, 1214 (1985) (listing cases), but may be used only where the defamatory statement was made in a "reasonable manner and for a proper purpose." *Mareck*, 60 Md.App. at 224, 482 A.2d at 21.

■ Unlike absolute privileges, qualified privileges can be lost in circumstances where:

(1) the publication is made with malice, that is, with 'knowledge of falsity or reckless disregard for truth ...'; (2) the statement was not made in furtherance of the interest for which the privilege exists; (3) the statement is made to a third person other than one 'whose hearing is reasonably believed to be necessary or useful to the protection of the interest ...'; and (4) the statement includes defamatory matter not reasonably believed to be in line with the purpose for which the privilege was granted.

*Mareck*, 60 Md.App. at 224–25, 482 A.2d at 21 (citations omitted).[1] In *Marchesi* the Court of Appeals explained that a showing of malice "involves proof of a high degree of awareness of ... probable falsity, such that the defendant entertained serious doubts as to the truth of his publication." *Marchesi v. Franchino*, 283 Md. 131, 137, 387 A.2d 1129, 1132 (1978) (citations and quotations omitted).

■ The existence of a qualified privilege is a matter of law and the question of abuse of the privilege is usually reserved for the jury. *Jacron Sales Co. v. Sindorf*, 276 Md. 580, 600, 350 A.2d 688, 700 (1976). However, courts can determine whether the plaintiff has produced sufficient evidence of malice. *Macy*, 381 F.Supp. at 148; *see also De Leon*, 871 F.2d at 1234–36 (granting summary judgment where plaintiff failed to support a claim of malice in a private defamation suit).

■ Assuming *arguendo* that the above allegations satisfy the elements necessary to make a prima facie case of defamation,[2] defendants are nevertheless entitled to summary judgment as a matter of law. The qualified privilege applies in this employee-

---

1. The Maryland Court of Appeals noted one commentator's observation that the constitutional test of malice is "the exclusive standard for defeating the qualified privilege" in Maryland. *Marchesi v. Franchino*, 283 Md. 131, 135 n. 5, 387 A.2d 1129, 1131 n. 5 (1978) (referring to Comment, *The Maryland Court of Appeals: State Defamation Law in the Wake of Gertz v. Robert Welch, Inc.* 36 Md. L.Rev. 622, 647 n. 161 (1977)).

2. At least some of the alleged defamatory statements are in the form of opinions, protected speech under the First Amendment, *De Leon*, 871 F.2d at 1234 n. 8, 1238, and still others are true statements of fact and therefore not defamatory by definition.

employer setting and plaintiffs have failed to produce sufficient evidence of abuse.

All of the comments related to Mr. Rabinowitz' work product and performance. This case is distinguishable from *McDermott v. Hughley* where the court found the statements exceeded the scope of the privilege. In *McDermott* defendant was asked to provide a psychological evaluation of the plaintiff regarding his fitness for duty as a mounted park police officer and proceeded to comment on plaintiff's moral worth, capacity to work as an officer outside of the mounted police unit, and the likeness of his character to "criminal elements." 317 Md. 12, 31, 561 A.2d 1038, 1048 (1989).

In addition, the comments were made to persons working with the TAC–4 project. Plaintiffs argue that the privilege is lost because some of the employees involved did not have an interest in plaintiff's section of the project and all of the partners were outside of the company. The evidence shows that all of the persons who heard the comments were working on TAC–4 in some capacity and therefore had a valid interest in the quality of work done on the project. *See Happy 40, Inc.*, 63 Md.App. 24, 491 A.2d 1210, (finding that employer did not abuse his qualified privilege where he answered employees' questions regarding the termination of another employee). *Hollander v. Pan American World Airways, Inc.*, 382 F.Supp. 96, 103–04 (D.Md.1974) (finding that the receipt of the statement by multiple parties was within the scope of the qualified privilege).

■ Furthermore, some of these statements were in response to questions of employees, as opposed to volunteered. In these situations Maryland courts allow "greater latitude" in determining what statements will be actionable. *Stevenson v. Baltimore Baseball Club, Inc.*, 250 Md. 482, 487, 243 A.2d 533, 536 (1968), *overruled on other grounds; Fresh v. Cutter*, 73 Md. 87, 92 20 A. 774

(1890); *Happy 40, Inc.*, 63 Md.App. at 35, 491 A.2d at 1216.

■ Having found the existence of the qualified privilege, there is no evidence of malice to warrant finding an abuse. Plaintiffs present circumstantial evidence of Mr. Oates' motive to defame and ultimately unseat Mr. Rabinowitz. While evidence of this sort may have been sufficient to show malice at common law,[3] the new standard for malice articulated in *Marchesi* requires proof of "a high degree of awareness of ... probable falsity." *Marchesi*, 283 Md. at 137, 387 A.2d at 1132, *quoting Garrison v. Louisiana*, 379 U.S. 64, 74, 85 S.Ct. 209, 215–16, 13 L.Ed.2d 125 (1964). *See New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80, 84 S.Ct. 710, 726, 11 L.Ed.2d 686 (1964) (establishing the "knowledge that it was false or with reckless disregard of whether it was false or not" test). Under the *New York Times* standard, malice "cannot be established merely by showing that: the publication was erroneous, derogatory or untrue; the publisher acted out of ill will, hatred or a desire to injure ...." *Capital–Gazette Newspapers, Inc. v. Stack*, 293 Md. 528, 539–40, 445 A.2d 1038, 1044, *cert. denied*, 459 U.S. 989, 103 S.Ct. 344, 74 L.Ed.2d 384 (1982) (citations omitted); *see also De Leon*, 871 F.2d at 1234–36 (1989). The burden is on the plaintiff to prove malice by clear and convincing evidence. *De Leon*, 871 F.2d at 1233 n. 7.

■ Absent a showing of malice, any alleged defamation is shielded from liability by the qualified privilege. Without a viable claim for the underlying tort of defamation, plaintiffs allegation of conspiracy is not actionable, *Alexander & Alexander, Inc. v. B. Dixon Evander & Assoc., Inc.*, 336 Md. 635, 645 n. 8, 650 A.2d 260, 265 n. 8 (1994) and Mrs. Rabinowitz may not recover for loss of consortium.[4]

A separate Order follows.

*York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

---

3. At common law malice could be shown with evidence of a defendant's "ill-tempered manner or motives of ill will." *Happy 40, Inc.*, 63 Md. App. at 37, 491 A.2d at 1217. However, in *Marchesi* the Maryland Court of Appeals held that the standard of malice to be used in private defamation cases is the standard offered in *New*

4. In considering this motion, all of the evidence submitted was considered. Defendants' pending motion to strike evidence offered in support of plaintiffs' opposition to summary judgment will

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby Ordered that:

1. the defendants' motion for summary judgment is GRANTED;

2. judgment shall be entered in favor of the defendants;

3. the defendants' motion to strike evidence submitted in support of plaintiff's opposition to defendants' motion for summary judgment is DENIED as moot;

4. copies of this Order and the accompanying Memorandum shall be mailed to counsel of record;  and

5. the Clerk shall CLOSE this case.

be denied as moot as a result of granting defendants' motion for summary judgment.